Last revised 8/1/15

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:   SIMONE JULIEN,　　　　　　　　　　　　　　　　Case No.: 15-16381 VFP

　　　　　　　　　　　　　　　　　　　　　　　　　　　　Judge:  VINCENT F. PAPALIA

　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter: 13

　　　　Debtor(s)

## Chapter 13 Plan and Motions

☐ Original　　　　☒ Modified/Notice Required　　　　☒ Discharge Sought

☐ Motions Included　　☐ Modified/No Notice Required　　☐ No Discharge Sought

Date:   OCTOBER 7, 2016

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts.  You should read these papers carefully and discuss them with your attorney.  Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice.  **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

| **Part 1:    Payment and Length of Plan** |
|---|
| a.  The debtor shall pay $ ** per MONTH to the Chapter 13 Trustee, starting on  MAY OF 2015 for approximately SIXTY (60)  months.<br><br>b.  The debtor shall make plan payments to the Trustee from the following sources:<br><br>　　☒　　Future earnings<br><br>　　☐　　Other sources of funding (describe source, amount and date when funds are available): |

1

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:

Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:
Description:   58 NEPTUNE AVENUE, NEW JERSEY.   TRUSTEE IS  TO PAY MIDLAND MORTGAGE'S, PRE-PETITION MORTGAGE ARREARAGE CLAIM.  ARREARS DUE TO MIDLAND MORTGAGE, TO THE EXTENT NOT PAID THROUGH PLAN PAYMENTS, TO BE ADDRESSED THROUGH LOAN MODIFICATION.   DEBTOR TO MAKE THE REGULAR MONTHLY MORTGAGE PAYMENT, TO MIDLAND MORTGAGE.  ARREARS TO BE ADDRESSED THROUGH LOAN MODIFICATION TO THE EXTENT NOT PAID THROUGH THE PLAN.
Proposed date for completion: APRIL 30, 2017 OR AS EXTENDED BY THE COURT

d. ☒The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒Other information that may be important relating to the payment and length of plan:
** i. $15,100 paid to date through October of 2016 (over 18 months);
ii. $750 per month, starting in November of 2016, for a period of forty-two (42) months
.

| Part 2: | Adequate Protection |

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

| Part 3: | Priority Claims (Including Administrative Expenses) |

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
| --- | --- | --- |

| HERBERT B. RAYMOND, ESQ., ATTORNEYS AT LAW | ADMINISTRATIVE EXPENSE (COUNSEL FEES & SUPP. FEES) | $3,500 (ORIGINAL FEE PLUS SUPP. COUNSEL FEES) |
|---|---|---|
| MARIE-ANN GREENBERG, ESQ., CHAPTER 13 TRUSTEE | ADMINISTRATIVE EXPENSE | $5,178 |

**Part 4:    Secured Claims**

a. **Curing Default and Maintaining Payments**

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

b. **Modification**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|

3

|  |  |  |  |  |  |  |
|--|--|--|--|--|--|--|
|  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**c. Surrender**

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|--|--|--|--|
|  |  |  |  |

**d. Secured Claims Unaffected by the Plan**

The following secured claims are unaffected by the Plan:

**e. Secured Claims to be Paid in Full Through the Plan**:

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|--|--|--|
|  |  |  |

**Part 5:    Unsecured Claims**

    a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than 100 percent

☐ *Pro Rata* distribution from any remaining funds

    b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis For Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

### Part 6: Executory Contracts and Unexpired Leases

All executory contracts and unexpired leases are rejected, except the following, which are assumed:

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
|  |  |  |

### Part 7: Motions

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

    a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim From Secured to Completely Unsecured.**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
|  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
|  |  |  |  |

**Part 8:    Other Plan Provisions**

### a. Vesting of Property of the Estate

☒ Upon confirmation

☐ Upon discharge

### b. Payment Notices

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Trustee shall pay allowed claims in the following order:

1) Trustee commissions
2) Counsel Fees and Supplemental Counsel Fees
3) Secured Claims and then Priority Claims
4) Unsecured Claims

### d. Post-Petition Claims

The Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being Modified: MAY 4, 2015

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| TO CHANGE THE PLAN TO PROVIDE FOR A LOAN MODIFICATION TO ADDRESS THE ARREARAGE TO THE EXTENT THE ARREARS ARE NOT PAID THROUGH PLAN PAYMENTS | THE PLAN CALLS FOR PAYMENTS MADE TO DATE AND THEN PAYMENTS OF $750 PER MONTH, STARTING IN NOVEMBER OF 2016, FOR THE REMAINING PLAN TERM.  THE PLAN RELIES ON FUNDING FROM PAYMENTS AND TO THE EXTENT THE PAYMENTS ARE NOT SUFFICIENT TO COVER THE ARREARS, THE REMAINING ARREARAGE IS TO BE ADDRESSED THROUGH A LOAN MODIFICATION. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

## Part 10: Sign Here

The Debtor(s) and the attorney for the Debtor (if any) must sign this Plan.

Date: OCTOBER 7, 2016                               /S/ HERBERT B. RAYMOND, ESQ.
                                                    Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date:  OCTOBER 7, 2016                              /S/ SIMONE JULIEN
                                                    Debtor

Date:
                                                    Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                              Case No. 15-16381-VFP
Simone Julien                                                       Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-2         User: admin              Page 1 of 1              Date Rcvd: Oct 11, 2016
                             Form ID: pdf901          Total Noticed: 15

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 13, 2016.
db          +Simone Julien,    PO Box 8211,    Jersey City, NJ 07308-8211
515618860   +MidFirst Bank,    999 NorthWest Grand Boulevard,    Oklahoma City, OK 73118-6051
515436982   +Midfirst Bank,    Attn: Zucker, Goldberg & Ackerman,    200 Sheffield Street - Suite 301,
              PO Box 1024,    Mountainside, NJ 07092-0024
515436981   +Midfirst Bank,    999 North West Grand Blvd.,    Oklahoma City, OK 73118-6051
515436980   +Midfirst Bank,    PO Box 268950,    Oklahoma City, OK 73126-8950
515436985    Midland Mortgage,    PO Box 26648,    Oklahoma City, OK 73126-0648
515436983    Midland Mortgage,    PO Box 268888,    Oklahoma City, OK 73126-8888
515436986   +Midland Mortgage,    PO Box 18187,    Oklahoma City, OK 73154-0187
515436987   +Simone A Julien,    For Notice Only,    19 Freedom Place,    Jersey City, NJ 07305-4101
515436988  #+Zucker, Goldberg & Ackerman,    PO Box 1024,    Mountainside, NJ 07092-0024
515436989  #+Zucker, Goldberg & Ackerman ESQ,    PO Box 1024,    Mountainside, NJ 07092-0024
515436991  #+Zucker, Goldberg and Ackerman,    Attorneys AT Law,    200 Sheffield Street - Suite 301,
              PO Box 1024,    Mountainside, NJ 07092-0024
515436992   +Zucker, Goldberg and Ackerman PC ESQ,    Attorneys AT Law,    200 Sheffield Street - Suite 301,
              PO Box 1024,    Mountainside, NJ 07092-0024

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg           E-mail/Text: usanj.njbankr@usdoj.gov Oct 11 2016 23:21:46     U.S. Attorney,    970 Broad St.,
               Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg          +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Oct 11 2016 23:21:43     United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
               Newark, NJ 07102-5235
                                                                                              TOTAL: 2

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
515436984*     Midland Mortgage,   PO Box 268888,    Oklahoma City, OK 73126-8888
515436990*    +Zucker, Goldberg & Ackerman LLC,    PO Box 1024,    Mountainside, NJ 07092-0024
                                                                                   TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 13, 2016                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 7, 2016 at the address(es) listed below:
              Denise E. Carlon    on behalf of Creditor    MIDFIRST BANK bankruptcynotice@zuckergoldberg.com,
               bkgroup@kmllawgroup.com
              Denise E. Carlon    on behalf of Creditor    MidFirst Bank bankruptcynotice@zuckergoldberg.com,
               bkgroup@kmllawgroup.com
              Herbert B. Raymond    on behalf of Debtor Simone  Julien bankruptcy123@comcast.net,
               jeff.raymond@comcast.net;raymondmail@comcast.net;carol-raymond@comcast.net;bankruptcyattorneys@co
               mcast.net;herbertraymond@gmail.com;carbonell_c@hotmail.com;kdelyon.raymond@gmail.com
              Joel A. Ackerman    on behalf of Creditor    MIDFIRST BANK jackerman@zuckergoldberg.com
              Joshua I. Goldman    on behalf of Creditor    MidFirst Bank jgoldman@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Joshua I. Goldman    on behalf of Creditor    MIDFIRST BANK jgoldman@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Marie-Ann  Greenberg    magecf@magtrustee.com
                                                                                              TOTAL: 7